UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES HOWARD,

                Plaintiff,

        - against -

CAPTAIN BROWN,

                Defendant.

**OPINION AND ORDER**

15 Civ. 9930 (ER)

Ramos, D.J.:

      James Howard, proceeding *pro se*, sues correction officer Captain Brown pursuant to 42 U.S.C. § 1983, alleging that the conditions of his confinement and the denial of medical treatment at the Manhattan Detention Center ("MDC") amounted to cruel and unusual punishment in violation of the Eighth Amendment. Captain Brown now moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Captain Brown's motion is GRANTED.

## I. BACKGROUND

### A. Factual Background[1]

      On November 5, 2015, Howard was placed in a cell with four other inmates in the intake area of the MDC. Am. Compl. ¶ II(D), Doc. 28. Howard alleges that the sink in the cell did not have running water and that "the toilet did not flush, and was filled with feces." *Id.* In addition, the cell floor and toilet area were littered with "food . . . , papers, urine, and other un-sanitary things." *Id.* Howard also alleges that there was no ventilation in the cell, making it difficult to

---

[1] The following facts are drawn from allegations contained in the Amended Complaint, Doc. 28, which the Court accepts as true for purposes of the instant motion. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

breathe. Statement of Facts, Compl. 6, Doc. 2.[2] Howard, along with two other inmates, became nauseated and complained to correction officers about shortness of breath, headaches, dizziness, and stomach pains,[3] but they were left in the cell for several hours. *Id.* Howard's nausea and headaches did not subside for "over a day and a half," but he never received medical treatment despite requesting it. Am. Compl. ¶ III.

Howard alleges that he filed a grievance with the MDC, but the staff said they "don't handle these kinds of issues." *Id.* ¶ IV(D), (E)(2). Howard then wrote a letter to the warden, but she did not respond. *Id.* ¶ IV(E)(3).

Howard filed this action on November 13, 2015, Compl. 5, and filed an Amended Complaint on May 23, 2017, Am. Compl. 7.[4] Howard asserts claims under the Eighth Amendment challenging the conditions of his confinement and the denial of his request for medical treatment. *Id.* ¶¶ II(D), III.

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Rule 12(b)(6)

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), district courts are required to accept as true all factual allegations in the complaint and to draw all reasonable inferences in

---

[2] The Amended Complaint references a "statement of facts," which Howard previously attached to his original Complaint. Am. Compl. ¶ II(D). Because the Amended Complaint directly references this document, the Court deems it incorporated into the Amended Complaint and may consider it on a motion to dismiss. *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (holding that the court can consider documents that are incorporated into the complaint by reference on a Rule 12(b)(6) motion).

[3] In his Opposition, Howard states that Captain Brown was one of the officials notified about the cell's condition. Pl.'s Opp'n 2, Doc. 35; *see Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion.").

[4] "[A] *pro se* prisoner's papers are deemed filed when they are handed over to prison officials for forwarding to the Court." *Simmons v. Cripps*, No. 12 Civ. 1061 (PAC) (DF), 2013 U.S. Dist. LEXIS 49697, at *11 n.5 (S.D.N.Y. Feb. 15, 2013) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 44989 (S.D.N.Y. Mar. 28, 2013).

2

the plaintiff's favor. *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). However, this requirement does not apply to legal conclusions, bare assertions, or conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In order to satisfy the pleading standard set forth in Rule 8, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Accordingly, a plaintiff is required to support his claims with sufficient factual allegations to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557).

### B. *Pro Se* Plaintiff

Courts should read *pro se* pleadings "liberally and interpret them to raise the strongest arguments that they suggest." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003) (quoting *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999)). The obligation to read a *pro se* litigant's pleadings leniently "applies with particular force when the plaintiff's civil rights are at issue." *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). "However, even pro se plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

### III. DISCUSSION

"Section 1983 provides a private cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Boyland v.*

3

*Wing*, 487 F. Supp. 2d 161, 167 (E.D.N.Y. 2007) (quoting 42 U.S.C. § 1983). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

### A. Exhaustion

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[F]ailure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). However, where "a plaintiff concedes lack of exhaustion, or non-exhaustion is otherwise apparent from the face of the complaint, the Court may decide the exhaustion issue on a Rule 12(b)(6) motion to dismiss." *Simmons v. Cripps*, No. 12 Civ. 1061 (PAC) (DF), 2013 U.S. Dist. LEXIS 49697, at *21 (S.D.N.Y. Feb. 15, 2013), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 44989 (S.D.N.Y. Mar. 28, 2013); *see also Shaw v. City of New York*, No. 08 Civ. 3997 (SHS) (JCF), 2009 U.S. Dist. LEXIS 39836, at *8–9 (S.D.N.Y. Apr. 21, 2009). Nonexhaustion is apparent from the face of a complaint when the plaintiff admits that he did not file a grievance. *Cannon v. City of New York*, No. 11 Civ. 8983 (PAE) (JCF), 2013 U.S. Dist. LEXIS 47630, at *13 (S.D.N.Y. Jan. 29, 2013), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 46405 (S.D.N.Y. Mar. 27, 2013). But when a plaintiff claims to have filed a grievance, even if he did not "plead to have followed all the steps required," nonexhaustion is not apparent. *Id.* at *12; *see also Knight v. Mun. Corp.*, No. 14 Civ.

3783 (PAE) (JCF), 2016 U.S. Dist. LEXIS 70288, at *9–10 (S.D.N.Y. May 27, 2016), *report and recommendation adopted*, 2016 U.S. Dist. LEXIS 97542 (S.D.N.Y. July 26, 2016).

Captain Brown asserts that the action should be dismissed because Howard did not exhaust all of the remedies available to him to challenge the conditions at the MDC. Def.'s Mot. Dismiss 3–7, Doc. 33. She argues that nonexhaustion was apparent from the face of the Complaint because the incident occurred on November 5, 2015, and Howard filed the Complaint only eight days later on November 13, 2015, which would not permit sufficient time to complete the several-week process in the Department of Correction's Inmate Grievance and Request Program. *Id.* at 4–6. However, Howard filed an Amended Complaint on May 23, 2017, which supersedes the original Complaint and would provide ample time to complete the procedures. Am. Compl. 7. Indeed, the Amended Complaint specifically alleges that Howard filed a grievance in the MDC. Am. Compl. ¶ IV(D). Accordingly, nonexhaustion is not apparent from the face of the Amended Complaint.[5]

### B. Eighth Amendment

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "that the conduct complained of was committed by a person or entity acting under color of state law, and that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution." *Newton v. City of New York*, 566 F. Supp. 2d 256, 270 (S.D.N.Y. 2008) (citing *Palmieri v. Lynch*, 392 F.3d 73, 78 (2d Cir. 2004)). Section 1983 does not create any rights, but merely

---

[5] Howard's allegation that he attempted to file a grievance but was told that the MDC does not "handle these kinds of issues" also would excuse a failure to exhaust. Am. Compl. ¶ IV(E)(2); *see Gayle v. Benware*, No. 08 Civ. 8017 (RBM) (FM), 2009 U.S. Dist. LEXIS 64637, at *4–5 (S.D.N.Y. July 27, 2009) (denying motion to dismiss for failure to exhaust where the prisoner reasonably attempted to file a grievance but prison officials prevented him from doing so); *Rivera v. Goord*, 253 F. Supp. 2d 735, 747 (S.D.N.Y. 2003) (stating that nonexhaustion does not bar a claim "where a plaintiff has been led to believe that administrative remedies were unavailable").

5

provides "a procedure for redress for the deprivation of rights [already] established." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). The conduct complained of must have "deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States." *Wimmer v. Suffolk Cty. Police Dep't*, 176 F.3d 125, 136–37 (2d Cir. 1999).

In the instant case, Howard alleges violations of the Eighth Amendment arising from the conditions of his confinement and the denial of medical treatment. Am. Compl. ¶¶ II(D), III. "The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes." *Wilson v. Seiter*, 501 U.S. 294, 296–97 (1991). The Eighth Amendment requires that prison officials take "reasonable measures to guarantee the safety of inmates in their custody." *Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996); *see also Gilmore v. Rivera*, No. 13 Civ. 6955 (RWS), 2014 U.S. Dist. LEXIS 67012, at *5 (S.D.N.Y. May 14, 2014) ("Prison officials may neither deprive a prisoner of 'basic human needs, *e.g.*, food, clothing, shelter, medical care, and reasonable safety,' nor expose an inmate to conditions that 'pose an unreasonable risk of serious damage to his future health.'" (quoting *Helling v. McKinney*, 509 U.S. 25, 32, 35 (1993))). While the Constitution does not mandate comfortable prisons, prisoners are entitled to satisfaction of their basic human needs. *Randle v. Alexander*, 960 F. Supp. 2d 457, 470 (S.D.N.Y. 2013).

To state a claim under the Eighth Amendment, "an inmate must show (1) that the deprivation alleged is 'objectively sufficiently serious' such that the plaintiff was denied 'the minimal civilized measure of life's necessities,' and (2) that the defendant official possessed a 'sufficiently culpable state of mind' associated with 'the unnecessary and wanton infliction of pain.'" *Trammel v. Keane*, 338 F.3d 155, 161 (2d Cir. 2003) (quoting *Farmer v. Brennan*, 511

6

U.S. 825, 834 (1994)); *see also Fair v. Weiburg*, No. 02 Civ. 9218 (KMK), 2006 U.S. Dist. LEXIS 70183, at *12 (S.D.N.Y. Sep. 28, 2006) ("[A] prisoner must show that the prison official or state actor, acting with deliberate indifference to the prisoner's safety, subjected the prisoner to a sufficiently serious deprivation.").

Jailed individuals are protected against "deliberate indifference" to "conditions that pose a substantial risk of serious harm" by the Eighth Amendment or the Fourteenth Amendment. *Ortiz v. Dep't of Corr.*, No. 08 Civ. 2195 (RJS) (HBP), 2011 U.S. Dist. LEXIS 71897, at *11 (S.D.N.Y. Apr. 29, 2011), *report and recommendation adopted sub nom. Ortiz v. Hernandez*, 2011 U.S. Dist. LEXIS 71896 (S.D.N.Y. July 5, 2011). "If the individual is a sentenced prisoner, the source of protection is the Eighth Amendment. If the individual is a pretrial detainee, the source of protection is the Due Process Clause of the Fourteenth Amendment." *Id.* (citations omitted).

In *Darnell v. Pineiro*, 849 F.3d 17 (2d Cir. 2017), the Second Circuit held that the deliberate-indifference prong of the inquiry applies differently to claims under the Eighth Amendment and the Fourteenth Amendment. *Id.* at 34–35. The Eighth Amendment imposes a subjective standard: To be liable, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 32 (quoting *Farmer*, 511 U.S. at 837). In contrast, the Fourteenth Amendment applies an objective standard: The official need only "recklessly fail[] to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35 (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015)).

However, the objective seriousness-of-conditions prong "is evaluated the same way under both the Eighth Amendment and Fourteenth Amendment." *Ackridge v. Aramark Corr. Food Servs.*, No. 16 Civ. 6301 (KMK), 2018 U.S. Dist. LEXIS 54733, at *53 n.19 (S.D.N.Y. Mar. 30, 2018); *see Darnell*, 849 F.3d at 30 ("Under both the Eighth and Fourteenth Amendments, to establish an objective deprivation, 'the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health' . . . ." (quoting *Walker*, 717 F.3d at 125)). Thus, although it is unclear whether Howard was a pretrial detainee or a sentenced prisoner at the time of the events alleged in the Amended Complaint, the Court need not resolve this ambiguity because, as will be explained, Howard's claims fail under the objective prong under either amendment, so there is no need to analyze the deliberate-indifference prong. *See Ackridge*, 2018 U.S. Dist. LEXIS 54733, at *53 n.19.

    **1.    Conditions of Confinement**

As explained above, to state a claim for unconstitutional conditions of confinement, "an inmate must show (1) that the deprivation alleged is 'objectively sufficiently serious' such that the plaintiff was denied 'the minimal civilized measure of life's necessities,' and (2) that the defendant official possessed a 'sufficiently culpable state of mind.'" *Trammel*, 338 F.3d at 161 (quoting *Farmer*, 511 U.S. at 834).

Generally, there is not a "static test" to determine whether the conditions are "sufficiently serious" to satisfy the objective component, and "the conditions themselves must be evaluated in light of contemporary standards of decency." *Darnell*, 849 F.3d at 30 (quoting *Blissett v. Coughlin*, 66 F.3d 531, 537 (2d Cir. 1995)). "Unsanitary conditions, especially when coupled with other mutually enforcing conditions, such as poor ventilation and lack of hygienic items (in particular, toilet paper), can rise to the level of an objective deprivation." *Id.* (citing *Walker*, 717

F.3d at 127–28). Further, "[a]lthough the seriousness of the harms suffered is relevant to calculating damages and may shed light on the severity of an exposure, serious injury is unequivocally not a necessary element of an Eighth Amendment claim." *Willey v. Kirkpatrick*, 801 F.3d 51, 68 (2d Cir. 2015) (citing *Hudson v. McMillian*, 503 U.S. 1, 4 (1992)). Under *Darnell* and *Willey*, challenges to conditions of confinement are analyzed with reference to their "severity and duration." *Darnell*, 849 F.3d at 30; *Willey*, 801 F.3d at 68.

The plaintiffs in *Darnell* challenged nine categories of conditions, including inadequate sanitation as well as overcrowding, inedible food, extreme temperatures, and sleep deprivation. 849 F.3d at 23–26. Their cells had overflowing toilets, foul odors, and floors caked with urine and feces and littered with "vomit, dead roaches, decaying apple cores, old milk cartons, and rotting sandwiches." *Id.* at 24. Although the plaintiffs did not endure these conditions for more than 10 to 24 hours, the Second Circuit found their severity sufficient to constitute an objective deprivation and vacated the lower court's grant of summary judgment to the defendants. *Id.* at 23, 36–38. The Second Circuit noted the "appalling" and "absolutely atrocious" conditions and that separate "mutually enforcing conditions" can exacerbate their severity. *Id.* at 30, 37.

In *Willey*, the plaintiff was held in an observation cell with "walls and [a] mattress . . . smeared with feces and stained with urine" for two weeks while kept naked and again for nearly a month, and in "grotesque" solitary confinement with poor ventilation and a broken toilet accumulating his own waste over the course of at least seven days. 801 F.3d at 55, 66. The Second Circuit found these conditions sufficient to state a claim for unsanitary confinement conditions and vacated the lower court's dismissal. *Id.* at 67–68.

On the other hand, courts in this circuit have regularly held that brief exposure to human waste or sewage does not rise to the level of a constitutional violation. *See, e.g.*, *Little v. Mun.*

9

*Corp.*, 51 F. Supp. 3d 473, 491 (S.D.N.Y. 2014) (holding that being held for eight-and-a-half hours in a cell flooded with sewage was insufficient to state an Eighth Amendment claim); *Myers v. City of New York*, No. 11 Civ. 8525 (PAE), 2012 U.S. Dist. LEXIS 123994, at *20–22 (S.D.N.Y. Aug. 29, 2012) (holding that being held for "approximately 16 hours" in a cell without air conditioning where "[t]he only place to sit . . . was on 'a urine and filth laden floor'" did "not rise to the level of a constitutional violation"), *aff'd*, 529 F. App'x 105 (2d Cir. 2013); *Ortiz*, 2011 U.S. Dist. LEXIS 71897, at *23–24 (holding that three exposures to waste for a total of "probably less than 24 hours" was "simply too limited to withstand a motion to dismiss").

  Here, Howard has not plausibly alleged sufficiently serious confinement conditions. Howard alleges that he was held for "several hours" in a cell littered with "food . . . , papers, urine, and other un-sanitary things," with a nonworking toilet filled with waste, and no running water or ventilation. Am. Compl. ¶ II.D. This case is distinguishable from the "absolutely atrocious" conditions in *Darnell*, where the plaintiffs endured, among other things, inadequate sanitation, overcrowding, inedible food, extreme temperatures, and sleep deprivation for 10 to 24 hours, 849 F.3d at 20, 23–26, 37, and the "grotesque" conditions in *Willey*, which included exposure to waste, poor ventilation, and being held naked for one to four weeks, 801 F.3d at 55, 66. Rather, the Court follows numerous other decisions holding that a brief exposure like the one alleged here does not rise to the level of a constitutional violation. *See Ortiz*, 2011 U.S. Dist. LEXIS 71897, at *18 ("[W]here exposure to such waste is intermittent or limited to a matter of hours, courts normally will not entertain such actions.").

Accordingly, Howard has not plausibly alleged that his conditions of confinement were sufficiently serious to satisfy the objective component of an Eighth Amendment claim.[6]

### 2. Denial of Medical Care

To state an Eighth Amendment claim for denial of medical care, a prisoner must allege that (1) he suffered an objectively sufficiently "serious medical condition," and (2) the prison official acted with "deliberate indifference to that serious medical need." *Chavis v. Kienert*, No. 03 Civ. 0039 (FJS) (RFT), 2005 U.S. Dist. LEXIS 41920, at *69–70 (N.D.N.Y. Sep. 30, 2005) (citing *Farmer*, 511 U.S. at 834–35).

Under the objective prong, a medical need is "sufficiently serious" if it presents a "condition of urgency, one that may produce death, degeneration, or extreme pain." *Lloyd v. Lee*, 570 F. Supp. 2d 556, 566 (S.D.N.Y. 2008) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994)). Courts consider factors such as "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (alteration in original) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992)).

Here, Howard has not plausibly alleged that he suffered a sufficiently serious medical condition. Howard complains of headaches, dizziness, stomach pains, nausea, and shortness of breath as a result of exposure to unsanitary conditions, and his symptoms lasted for approximately a day and a half. Statement of Facts, Compl. 6; Am. Compl. ¶ III. These allegations, without more, do not show chronic and substantial pain. *See Qader v. New York*,

---

[6] Because Howard has not satisfied the objective prong, there is no need to analyze whether his claim satisfies the deliberate-indifference prong. *Jones v. Ng*, No. 14 Civ. 1350 (AJP), 2015 U.S. Dist. LEXIS 27105, at *18–20 (S.D.N.Y. Mar. 5, 2015).

396 F. Supp. 2d 466, 470 (S.D.N.Y. 2005) (holding that the plaintiff's dizziness and "terrible headache" did not constitute serious medical needs); *Renelique v. Doe*, No. 99 Civ. 10425 (LTS) (HBP), 2002 U.S. Dist. LEXIS 26980, at *33 (S.D.N.Y. Mar. 6, 2002) (holding that headaches are not a sufficiently serious medical condition unless they are "more serious or frequent than the garden-variety headaches periodically suffered by almost all adults"), *report and recommendation adopted in relevant part*, 2003 U.S. Dist. LEXIS 23189 (S.D.N.Y. Dec. 23, 2003). Howard also has not alleged that the conditions significantly affected his activities on a daily basis, nor could he as his maladies lasted only about a day and a half. Am. Compl. ¶ III. Because Howard has not plausibly alleged that his medical condition was sufficiently serious to satisfy the objective prong, Howard has failed to state a claim for unconstitutional denial of medical treatment.[7]

## IV.  LEAVE TO AMEND

Federal Rule of Civil Procedure 15 instructs courts to "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has instructed courts not to dismiss a complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shabazz v. Bezio*, 511 F. App'x 28, 31 (2d Cir. 2013) (quoting *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009)). In *Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Securities, LLC*, 797 F.3d 160 (2d Cir. 2015), the Second Circuit reaffirmed the "liberal spirit" of Rule 15 and counseled strongly against the dismissal of claims with prejudice prior to "the benefit of a ruling" that highlights "the precise defects" of those claims. *Id.* at 190–91 (quoting *Williams v. Citigroup Inc.*, 659 F.3d 208, 214 (2d Cir. 2011) (per curiam)).

---

[7] Again, because Howard has not satisfied the objective prong, there is no need to analyze the deliberate-indifference prong. *Jones*, 2015 U.S. Dist. LEXIS 27105, at *18–20.

Here, although Howard has already had the opportunity to amend his original Complaint, because this is the Court's first opportunity to highlight the precise defects of Howard's pleading and it is not yet apparent that another opportunity to amend would be futile, Howard will be permitted to replead his dismissed claims.

V.   **CONCLUSION**

For the reasons set forth above, Captain Brown's motion to dismiss is GRANTED. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 32. Howard may file a second amended complaint, if at all, on or before **August 24, 2018**.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion and Order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

It is SO ORDERED.

Dated:   July 25, 2018
         New York, New York

                                                    _____
                                                    Edgardo Ramos, U.S.D.J.